# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:10cv033

| | |
|---|---|
| DELOUS LYDA BURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment on the Pleadings [Doc. 9] and the Defendant's Motion for Summary Judgment [Doc. 11].

## I. PROCEDURAL HISTORY

Plaintiff Delous Lyda Burch filed an application for a period of disability and disability insurance benefits on July 5, 2005, alleging that he had become disabled as of January 1, 2005. [Transcript ("T.") 103]. Plaintiff's application was denied initially and on reconsideration. [T. 79-82, 83-86, 92-95, 96-99]. A hearing was held before Administrative Law Judge ("ALJ") Ivar Avots on June 30, 2009. [T. 42-75]. On October 23, 2009, the ALJ issued a decision denying the Plaintiff benefits. [T. 13-21]. The Appeals Council accepted

additional evidence but denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-4]. The Plaintiff has exhausted his available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets

3

or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV. THE ALJ'S DECISION

On October 23, 2009, the ALJ issued a decision denying the Plaintiff benefits. [T. 13-21]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from January 1, 2005, the alleged onset date (AOD), through his date last insured (DLI), September 30, 2008. [T. 15]. The ALJ then determined that the Plaintiff had a severe combination of impairments, namely lumbar degenerative disc disease with status-post lumbar fusion, and generalized anxiety disorder. [T. 15]. The ALJ concluded that the Plaintiff's impairments did not meet or equal

4

a listing. [T. 15]. He then determined that Plaintiff retained the residual functional capacity (RFC) to perform light work with postural limitations on frequent climbing ramps/stairs, balancing, kneeling and crawling; only occasional climbing of ladder/rope/scaffold, stooping and crouching; avoiding concentrated exposure to hazards; and performing only simple, routine, repetitive tasks for about two-hour periods at non-production quota type work; and having only occasional contact with the public. [T. 18]. He found that Plaintiff was unable to perform his past relevant work; that he was a younger individual; and that he was illiterate but able to communicate in English. [T. 20]. Considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. [T. 20]. Accordingly, he concluded that the Plaintiff was not disabled from January 1, 2005 through his date last insured. [T. 21].

## V.    DISCUSSION

On appeal, Plaintiff challenges the ALJ's assessment that his residual functional capacity (RFC) allowed for light work. Specifically, he argues that his post-fusion surgery back pain results in greater limitations on sitting and standing and that his stress tolerance is more limited than accounted for in the

5

RFC. Plaintiff also complains that the ALJ failed to support his finding for light work by articulating the required function-by-function analysis of his capacity to perform major work functions. For the reasons discussed below, the Court finds no reversible error.[1]

In making an RFC assessment, the ALJ is required to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ." SSR 96-8p, 1996 WL 374184, at *1. An ALJ's failure to articulate the required function-by-function analysis can be harmless error, however, where the ALJ's "ultimate finding is supported by substantial evidence in the record." Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). In the present case, the ALJ's finding that Plaintiff is capable of perform the work functions collectively defined as "light work" is supported by substantial evidence. Notable among that evidence are the

---

[1] At the outset, the Court notes Defendant's reliance on Anderson v. Commissioner of Social Security, 127 F. App'x 96, 97 (4th Cir. 2005), for the proposition that Plaintiff has waived any issues with respect to the ALJ's RFC findings because Plaintiff did not object to the testimony of the vocational expert (VE) at the hearing. [Doc. 11-1 at 6-7]. The Court finds the Anderson ruling to be confined to its facts. It is well-settled that Social Security hearings are non-adversarial. See Richardson v. Perales, 402 U.S. 389, 403, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971). As such, it is customary for VE testimony to be received at the hearing without objection. Instead, claimants incorporate their proposed limitations in their own hypothetical questions posed to the VE. That is precisely what occurred here. [T. 74-75]. The Court does not find Plaintiff's objections to the RFC assessment to have been waived.

findings of Dr. Dubiel upon objective testing that Plaintiff had no more than mild limitations in sitting and standing. [T. 472-76], and the opinion of Perry Caviness, M.D. that Plaintiff retained the physical RFC for light work with additional (but unspecified) limitations. [T. 488-95]. These opinions from "acceptable medical sources" constitute substantial evidence to support the ALJ's RFC assessment. See 20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2).

In addition to the reports of Drs. Dubiel and Caviness, the ALJ relied upon Plaintiff's own admissions about his activities, such as cleaning house, changing oil, cutting wood, and playing softball, in assessing Plaintiff's RFC. [T. 19]. As the ALJ correctly noted, these activities are entirely consistent with a capacity for light work.

Plaintiff argues that his post-fusion surgery back pain results in greater limitations on sitting and standing than those found by the ALJ. This argument, however, must be rejected. Dr. Rhoton's notes show only temporary post-surgery restrictions [T. 379-80]; they do not suggest more permanent restrictions in the Plaintiff's ability to sit and stand. Plaintiff further attempts to discredit the ALJ's inference that he could walk long distances simply because he may have walked to the emergency room. This inference, however, was entirely reasonable, as the records demonstrated that Plaintiff

7

walked to the emergency room on numerous occasions, and that his chief complaints during one of these visits was chips in his eye from cutting wood [T. 537], which suggests that Plaintiff was engaged in activities inconsistent with his claims of disabling back pain.

With respect to his mental RFC, Plaintiff argues that the ALJ improperly ignored Dr. Barnett's statements about his stress tolerance. The Court finds no error in this regard. Dr. Barnett noted that Plaintiff's stress tolerance was "good in general, but below average due to decreased concentration problems and frequent panic attacks." [T. 487]. The ALJ sufficiently accounted for this limitation in finding that Plaintiff should be limited to simple, routine, repetitive tasks for about two-hour periods at non-production quota type work with only occasional contact with the public. [T. 18].

Plaintiff next challenges the ALJ's step four credibility findings. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) . . .which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir.1996). If there is such evidence, then the ALJ must then evaluate "the intensity and persistence of the

8

claimant's pain, and the extent to which it affects his ability to work." Id. at 595.

Having found that Plaintiff had severe conditions that reasonably could be expected to cause his pain and other symptoms, the ALJ properly discussed Plaintiff's testimony, his demeanor at the hearing, and the objective evidence which were inconsistent with his claimed physical and mental limitations and pain. [T. 18-20]. See Craig, 76 F.3d at 595; 42 U.S.C. § 423(d)(5)(A). Plaintiff asserts that in so doing, the ALJ relied to an impermissible degree on Dr. Dubiel's observations in making his credibility findings. [Doc. 10 at 11]. The Court determines the to have been no error in this regard. Dr. Barbara Dubiel conducted a Consultative Examination for Disability Determination Services (DDS) on July 17, 2007. [T. 467-80]. In her evaluation, Dr. Dubiel noted that Plaintiff's hands were soiled and calloused and that he had no limitations in their use. Contrary to Plaintiff's argument, the ALJ properly took Dr. Dubiel's observations into account when assessing Plaintiff's credibility. As the ALJ correctly noted, Plaintiff's soiled and calloused hands suggest more frequent and/or heavy work than is consistent with Plaintiff's assertion that lifting even a gallon of milk causes pain. [T. 59]. The ALJ questioned Plaintiff extensively about this issue, and Plaintiff did not

offer an explanation for the conditions of his hands that could be harmonized with his claims of total disability. [T. 68-69].

Upon objective testing in the course of her physical examination of Plaintiff, Dr. Dubiel concluded that Plaintiff had no more than mild limitations in sitting and standing. [T. 472-76]. Additionally, Dr. Dubiel noted the records of other treatment providers who had observed Plaintiff standing and talking in a waiting area for thirty minutes without apparent signs of distress. [T. 467]. Dr. Dubiel's findings and observations contradict Plaintiff's claim that standing is painful [T. 201] and that he cannot stand for more than five minutes. [T. 60]. Dr. Dubiel further noted that Plaintiff sat with her for nearly an hour [T. 471], an observation which conflicts with Plaintiff's testimony at the ALJ hearing that he can sit only for a few minutes at a time [T. 61].

Dr. Dubiel further noted that the Plaintiff was prescribed ibuprofen when treated at a free clinic in Sylva. [T. 468]. Plaintiff testified, however, that he was taking no medications, not even ibuprofen, at the hearing. [T. 64, 66-7]. This fact contradicts both of Plaintiff's claims that he did not have access to medical care due to a lack of financial resources [T. 55] and that he had significant pain. [T. 62]. A claimant's efforts to obtain available, affordable care are permissible considerations in a credibility assessment.  See

McKenney v. Apfel, 38 F.Supp.2d 1249, 1259 (D. Kan. 1999) (citing Hargis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir. 1991)).

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). For the reasons set forth above, the Court concludes that there is substantial evidence to support the ALJ's credibility findings.

**VI.  CONCLUSION**

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards, and that there is substantial evidence to support the ALJ's finding of no disability from the date of onset to the date of his decision.

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Judgment on the Pleadings [Doc. 9] is **DENIED.**

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: December 13, 2011

Martin Reidinger
United States District Judge